# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNO ABRAMIAN,<br><br>   Petitioner,<br><br>   v.<br><br>TAYLOR, et al.,<br><br>   Respondents. | Case No. 1:24-cv-01207-SAB-HC<br><br>ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED<br><br>ORDER DIRECTING RESPONDENT TO FILE COPY OF PETITIONER'S PURPORTED FINAL ORDER OF REMOVAL |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that challenges a Federal Bureau of Prisons' policy that excludes inmates with immigration detainers from applying their First Step Act ("FSA") Earned Time Credits ("FTCs" or "ETCs"). (ECF No. 1.)

Respondent has moved to dismiss the petition, arguing, among other grounds, that "Petitioner has been determined ineligible to apply FSA ETCs" because "BOP, Department of Homeland Security, and Immigration and Customs Enforcement (ICE) records indicate Petitioner has a 'final order of removal'." (ECF No. 11 at 2.[1]) Respondent has submitted a declaration from the Senior Correctional Programs Specialist at the Western Region of the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Federal Bureau of Prisons who declared in pertinent part:

> Pursuant to 18 U.S.C. § 3632(d)(4)(E)(i), "[a] prisoner is ineligible to apply time credits…if the prisoner is the subject of a final order of removal under any provision of the immigration laws." (emphasis added). To determine whether Petitioner is ineligible to apply time credits on the grounds of a final order of removal, ICE Authorities were asked to provide documentation. ICE Authorities have since provided Petitioner's final order of removal, which I have reviewed, and which I understand has been forwarded by BOP Agency Counsel to FCI Mendota to be filed in Petitioner's central file and provided to Petitioner. These records also reflect that Petitioner filed an appeal to this final order of removal on August 2, 2023, which the Court found untimely as it was filed more than eighteen years after the due date. Because Petitioner is subject to a final order of removal, he is ineligible to apply time credits.[2]

(ECF No. 11-1 at 3 (footnote in original).) However, Respondent has not provided the Court with a copy of the final order of removal itself.

In the October 23, 2024 order to respond, this Court ordered in pertinent part: "Within **SIXTY (60) days** of the date of service of this order, Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition, **INCLUDING A COPY OF ANY FINAL ORDER OF REMOVAL, if applicable**." (ECF No. 5 at 2 (emphasis in original).) The order also stated that "[a]ll provisions of Local Rule 110 are applicable to this order." (Id. at 3.) Local Rule 110, in turn, provides: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Within seven (7) days of the date of service of this order, Respondent SHALL SHOW CAUSE why sanctions should not be imposed for failure to comply with this Court's October 23, 2024 order;
2. Within fourteen (14) days of the date of this order, Respondent SHALL FILE a copy of Petitioner's purported final order of removal; and

---

[2] A review of Petitioner's Presentence Investigation Report indicates that Petitioner is subject to deportation, but because the United States will not deport to Iran, Petitioner is permitted to remain in the United States under an Order of Supervision. Generally, individuals with a final order of deportation who the United States cannot deport to their home country, will reside in the United States under an Order of Supervision, which involves periodic appearances in immigration courts and before ICE deportation officers. See e.g., ordersofsupervisionsep282006.pdf.

3. Within fourteen (14) days of the filing of the copy of the final order of removal, Petitioner may file a response.[3]

IT IS SO ORDERED.

Dated:  **April 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge

---

[3] See Rule 7(a), (c) of the Rules Governing Section 2254 Cases (providing that "the judge may direct the parties to expand the record by submitting additional materials relating to the petition" and "must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness"); Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

3