# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNO ABRAMIAN,<br><br>    Petitioner,<br><br>    v.<br><br>TAYLOR, et al.,<br><br>    Respondent. | Case No. 1:24-cv-01207-SAB-HC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 12) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Respondent has moved to dismiss the petition, arguing, among other grounds, that "Petitioner has been determined ineligible to apply FSA ETCs" because "BOP, Department of Homeland Security, and Immigration and Customs Enforcement (ICE) records indicate Petitioner has a 'final order of removal'." (ECF No. 11 at 2.[1]) Respondent has submitted a declaration from the Senior Correctional Programs Specialist at the Western Region of the Federal Bureau of Prisons who declared in pertinent part: "ICE Authorities have since provided Petitioner's final order of removal, which I have reviewed, and which I understand has been forwarded by BOP Agency Counsel to FCI Mendota to be filed in Petitioner's central file and provided to Petitioner." (ECF No. 11-1 at 3.) However, Respondent did not provide the Court with a copy of the final order of removal itself.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

In the October 23, 2024 order to respond, this Court ordered in pertinent part: "Within **SIXTY (60) days** of the date of service of this order, Respondent SHALL FILE any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition, **INCLUDING A COPY OF ANY FINAL ORDER OF REMOVAL, if applicable**." (ECF No. 5 at 2 (emphasis in original).) As Respondent failed to file a copy of the purported final order of removal, the Court ordered Respondent to show cause why sanctions should not be imposed for failure to obey the Court's October 23, 2024 order. (ECF No. 12.)

On April 29, 2025, Respondent filed a response, stating that "[d]ue to the large number of component personnel working to meet deadlines, in the habeas unit, the secondary part of this Court's 10/23/2024 order (directing contemporaneous filing of the final order of removal with the responsive pleading) was overlooked." (ECF No. 13 at 2.)

As the failure to obey the Court's order appears to be unintentional, the Court HEREBY DISCHARGES the order to show cause (ECF No. 12) and declines to impose sanctions.

IT IS SO ORDERED.

Dated:   **May 1, 2025**

STANLEY A. BOONE
United States Magistrate Judge

2