# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNO ABRAMIAN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>TAYLOR, et al.,<br><br>　　　　　Respondents. | Case No. 1:24-cv-1207-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING RESPONDENT'S MOTION TO DISMISS BE GRANTED AND FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED<br><br>(ECF Nos. 4, 11)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

In the First Amended Petition ("FAP"), Petitioner requests this Court "to intervene in advance" and direct the Federal Bureau of Prisons ("BOP") to apply Petitioner's First Step Act ("FSA") Earned Time Credits ("FTCs" or "ETCs") when eligible. (ECF No. 4 at 1.[1]) On January 17, 2025, Respondent filed a motion to dismiss the petition on the following grounds: (1) lack of constitutional standing and failure to state a claim because Petitioner is the subject of a final

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

order of removal; and (2) failure to exhaust administrative remedies. (ECF No. 11.) On April 22, 2025, the Court ordered Respondent to file a copy of Petitioner's purported final order of removal. (ECF No. 12.) On May 12, 2025, the final order of removal was filed under seal. (ECF No. 19.) On May 19, 2025, Petitioner filed an addendum to the petition. (ECF No. 20.)

## II.

## DISCUSSION

### A. First Step Act and Earned Time Credits

"On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was enacted. The Act implemented a number of prison and sentencing reforms." Bottinelli v. Salazar, 929 F.3d 1196, 1197 (9th Cir. 2019). With respect to earned time credit, the Ninth Circuit has described the First Step Act's amendments as follows:

> [P]aragraph 102(b)(1) amends [18 U.S.C.] § 3624 by adding subsection (g), which is relevant to the Act's creation of an earned time credit system.[2] [132 Stat.] at 5210-13. The Act requires that, within 210 days of its enactment, the Attorney General establish a "risk and needs assessment system" to, broadly speaking, review each prisoner's recidivism risk level, award earned time credit as an incentive for participation in recidivism reduction programming, and "determine when a prisoner is ready to transfer into prerelease custody or supervised release in accordance with section 3624." § 101(a), 132 Stat. at 5196–97. Section 3624(g) details the criteria for when a prisoner becomes eligible, considering earned time credit, for transfer to prerelease custody or supervised release. § 102(b), 132 Stat. at 5210–13.

Bottinelli, 929 F.3d at 1197–98 (footnote in original).

Section 3632(d)(4)(A) provides that "[a] prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits[.]" 18 U.S.C. § 3632(d)(4)(A). "Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

---

[2] In contrast to good time credit, earned time credit is awarded for "successfully complet[ing] evidence-based recidivism reduction programming or productive activities." § 101(a), 132 Stat. at 5198.

However, subparagraph (E) provides:

**(E) Deportable prisoners ineligible to apply time credits.**--

> **(i) In general.**--A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).
>
> **(ii) Proceedings.**--The Attorney General, in consultation with the Secretary of Homeland Security, shall ensure that any alien described in section 212 or 237 of the Immigration and Nationality Act (8 U.S.C. 1182, 1227) who seeks to earn time credits are subject to proceedings described in section 238(a) of that Act (8 U.S.C. 1228(a)) at a date as early as practicable during the prisoner's incarceration.

18 U.S.C. § 3632(d)(4)(E).

### B. Exhaustion

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, because it is not a jurisdictional prerequisite, exhaustion can be waived if pursuing administrative remedies would be futile. Id.

Respondent contends that the "FSA's own exhaustion requirement under 18 U.S.C. § 3582(c)(l)(A) is a claim-processing rule that does not permit a district court to excuse a petitioner's failure to exhaust administrative remedies if the failure to do so is properly raised by the government," citing to United States v. Keller, 2 F.4th 1278, 1282 (9th Cir 2021). (ECF No. 11 at 5.) However, 18 U.S.C. § 3582(c)(l)(A) governs compassionate release and modifications of an imposed term of imprisonment, which are not at issue in the instant petition. While the Court appreciates that in the "context of the prudential exhaustion of administrative remedies, the issue of whether 'relaxation of the requirement would encourage the deliberate bypass of the administrative scheme' is a key consideration," Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir. 1990)), the Court finds that the exhaustion requirement should be excused in this case due to futility because Respondent has determined that Petitioner is "jurisdictionally and statutorily barred from FSA ETC sentence-offsets due to a final order of removal from another federal court." (ECF No. 11 at 3.)

3

### C. Whether Petitioner is the Subject of a Final Order of Removal

A prisoner is ineligible to apply FTCs "if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)))." 18 U.S.C. § 3632(d)(4)(E)(i). Here, Respondent argues that Petitioner is ineligible to apply FTCs because he is subject to a final order of removal. (ECF No. 11 at 3.) Respondent has filed a copy of a February 18, 2005 order by an immigration judge ordering Petitioner removed to Iran and denying deferral or withholding of removal. (ECF No. 19 at 5.)

Petitioner appears to argue that because Iran does not have diplomatic relations or a repatriation agreement with the United States, and thus, there is no reasonable likelihood that Iran will permit Petitioner's return in the reasonably foreseeable future, Petitioner is "'always' in removal proceeding[s] and never final." (ECF No. 4 at 8.) "[A] 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" Nasrallah v. Barr, 590 U.S. 573, 579 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)). Here, the record reflects that a final order of removal exists, and Petitioner is the subject of said order.[3] Whether the February 18, 2005 removal order can be effectuated is a distinct question from whether Petitioner "is the subject of a final order of removal under any provision of the immigration laws" under the statute. 18 U.S.C. § 3632(d)(4)(E)(i). Accordingly, the Court finds that Petitioner is "the subject of a final order of removal under any provision of the immigration laws" for purposes of 18 U.S.C. § 3632(d)(4)(E)(i), and thus, is ineligible to apply First Step Act time credits. As Petitioner cannot obtain the relief he seeks in the petition, Respondent's motion to dismiss should be granted.

### III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED; and

---

[3] Petitioner asserts that he was granted a deferral of removal. (ECF No. 4 at 7.) However, the February 18, 2005 removal order indicates that withholding and deferral of removal were denied. (ECF No. 19 at 5.)

4

2. The first amended petition for writ of habeas corpus (ECF No. 4) be DISMISSED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 10, 2025**

STANLEY A. BOONE
United States Magistrate Judge

5